UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6300** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Failure to State a Claim (Doc. 21). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of damages caused by Hurricane Ida to Plaintiff's property located at 3527 River Road in Westwego, Louisiana ("the Property").[1] On August 23, 2023, Plaintiff filed a petition in the 24th Judicial District Court for the Parish of Jefferson, asserting various claims against Defendant State Farm Fire and Casualty Company ("State Farm") as the alleged insurer of the Property for failure to properly investigate, adjust, and pay Plaintiff's insurance claims. State Farm removed the case on October 18, 2023, invoking this Court's diversity jurisdiction.[2]

---

[1] Doc. 1-1 at 2; Doc. 8 at 2.
[2] Doc. 1.

On January 12, 2024, Plaintiff filed a First Supplemental and Amending Petition for Damages, adding Dover Bay Specialty Insurance Company ("Dover Bay") as a defendant in this case. Plaintiff now alleges that Dover Bay issued the policy of insurance covering the Property, and Dover Bay is a subsidiary of State Farm.[3]

The Court previously denied State Farm's first Motion to Dismiss without prejudice to the right to be re-urged because the parties had not complied with the requirements of the Streamlined Settlement Program ("SSP") or otherwise requested to opt out.[4] On July 2, 2024 Defendant was granted leave to opt out of the SSP to file the instant Motion.[5] Now before the Court is Defendant State Farm Fire and Casualty Company's second Motion to Dismiss for Failure to State a Claim. Plaintiff has failed to file an opposition into the record.[6]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw

---

[3] Doc. 8 at 1–2.
[4] Doc. 16.
[5] Doc. 26.
[6] Plaintiff filed a memorandum in opposition of State Farm's first motion to dismiss. *See* Doc. 11. Plaintiff did not oppose on substantive grounds but instead explained why it named State Farm as a defendant rather than Dover Bay and requested leave to amend. *Id.*
[7] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[8] *Id.*

all reasonable inferences in the plaintiff's favor."[9] The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[13]

## LAW AND ANALYSIS

Defendant State Farm argues that the insurance policy covering the Property at all relevant times was issued by Dover Bay, not State Farm.[14] In support of its first motion to dismiss, Defendant State Farm attached a copy of the insurance policy, which lists Dover Bay as the issuer.[15] And in the Amended Complaint, Plaintiff alleges that Defendant Dover Bay issued "Policy Number ES-2161" covering the Property.[16] Because Defendant State Farm did not insure the Property, this Court cannot infer that Defendant State Farm is liable to Plaintiff for the hurricane damage his property sustained.[17]

---

[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 667.
[11] *Id.*
[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[13] *Lormand*, 565 F.3d at 255–57.
[14] Doc. 21-1.
[15] Doc. 8-4. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Causey v. Sewell Cadillac–Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)). Accordingly, this Court may consider the insurance policy in ruling on Defendant State Farm's Motion to Dismiss for Failure to State a Claim.
[16] Doc. 18 at 2.
[17] *See* Sorapuru v. Am. Nat'l Prop. & Cas. Co., No. 23-4219, 2024 WL 983719, at *2 (E.D. La. Mar. 7, 2024) (citing *Twombly*, 550 U.S. at 556).

Amendment of the complaint would therefore be futile, and dismissal with prejudice is warranted.[18]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. **IT IS ORDERED** that Plaintiff's claims against Defendant State Farm Fire and Casualty Company are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 26th day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] "A dismissal with prejudice is appropriate when amending a complaint would be futile." Taubenfeld v. Hotels.com, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (citing Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 566 (5th Cir. 2003)).